IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY JAMES LAGI,

    Plaintiff,

v.                                                     CASE NO. 4:16-cv-200-MW-GRJ

MICHELLE HOLZMAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and has been granted leave to proceed as a pauper by separate order. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915. For the following reasons, the undersigned recommends that this case be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## Discussion

Plaintiff is a detainee at the Leon County Jail. *See Lagi v. Morris*, Case No. 4:16-cv-193-RH-GRJ ECF No. 5 (R&R discussing Plaintiff's pending charges and recommending dismissal pursuant to *Younger* abstention doctrine). Plaintiff's allegations in this case concern the

pending charges for which he is currently detained. Plaintiff sues his mother, Michele Holzman, alleging that she is undermining his defense in his pending criminal case in order to promote her own personal purposes. Plaintiff contends that his mother's actions have violated his constitutional rights, including his right to self-representation, and he seeks an order enjoining her from visiting to harass him and to prevent her appearance at trial. Plaintiff also seeks compensatory and punitive damages. ECF No. 1.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

There are no allegations suggesting that Plaintiff's mother should be considered a "state actor" for purposes of liability under § 1983. Only in

rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private party performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Plaintiff's allegations do not establish that his claims against his mother satisfy any of these tests.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 5th day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**